UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REV. EARNEST LEE HOBLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-253 (JDB) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure, defendant, through counsel, respectfully moves this Court to dismiss this case. The grounds for the motion are set forth in greater detail in the attached memorandum of points and authorities.

Plaintiff should take notice that any factual assertions in defendant's motion may be accepted by the Court as true unless the plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in defendant's motion. See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992), Local Rule 7.1 and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

/s/
CHARLOTTE A. ABEL, D.C. Bar #388582
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-2332

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of May, 2007, a copy of the foregoing Defendant's Motion to Dismiss, Memorandum in support and proposed order were mailed, postage prepaid, to plaintiff, pro se at the following address:

Rev. Earnest Hobley
413 Longfellow St., N.W.
Washington, D.C. 20011

                                              /s/
                                      CHARLOTTE A. ABEL, D.C. Bar #388582
                                      Assistant United States Attorney
                                      Judiciary Center Building, 10th Floor
                                      555 4th Street, NW
                                      Washington, D.C. 20530

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REV. EARNEST LEE HOBLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-253 (JDB) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS**

Plaintiff brings this action as a civil rights claim for false prosecution. Complaint ¶¶ 1, 10. He claims that he was improperly prosecuted for a theft that he did not commit. Complaint. Rev. Hobley was accused of absconding with cash receipts one evening from his former employer, Kentucky Fried Chicken ("KFC"), instead of making a bank deposit. Id. He alleges that his former employer, KFC, investigated the crime and learned that a scam artist, Mr. Olu Adepegba was pocketing cash receipts and making up the difference by depositing paychecks improperly issued to Rev. Hobley. Complaint ¶ 6. Plaintiff alleges that he was the victim of fraud and that he was found innocent of the alleged theft in D.C. Superior Court on February 6, 2004. Plaintiff also alleges that the government knew that he was innocent but prosecuted him anyway. Complaint ¶ 8. He seeks compensatory damages for pain and suffering.

**Standard for Motion to Dismiss**

"[A] complaint should . . . be dismissed for failure to state a claim [if] it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In deciding a motion to dismiss under Rule 12(b)(6), facts alleged in the complaint must be presumed true and liberally construed in favor of the plaintiff. *See, e.g., Shear v. NRA*, 606 F.2d 1251, 1253 (D.C. Cir. 1979). In addition, federal courts are to liberally construe the "inartful pleading" of *pro se* litigants, such as the plaintiff in this case. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

**PLAINTIFF'S CLAIM AGAINST THE UNITED STATES FOR MALICIOUS PROSECUTION IS BARRED BY SOVEREIGN IMMUNITY.**

It is an essential principle of federal jurisprudence that the United States, as sovereign, "is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981); *see also Dept. of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999); *Lane v. Pena*, 518 U.S. 187, 192 (1996). The Supreme Court has frequently observed that a "waiver of sovereign immunity is to be strictly construed; in terms of its scope, in favor of the sovereign." *Blue Fox*, 525 U.S. at 261. The Federal Tort Claims Act serves to waive the sovereign immunity of the United States for certain tort claims. 28 U.S.C. A. § 2671 et seq; *McMillan v. Department of Interior, et al.* 907 F.Supp. 322, 327 (D.Nevada 1995). But claims arising out of assault, battery and false arrest or imprisonment are excepted from the waiver of sovereign immunity under 28 U.S.C. § 2680(h), except in certain limited instances involving law enforcement officers. Assistant United States attorneys are not considered to be law enforcement officers for

this purpose. *Davis v. U.S., et al.*, 2004 WL 324880 *6 (S.D.N.Y. 2004)("[T]he FTCA does not authorize suits for intentional torts based upon the actions of Government prosecutors...."), *quoting Bernard v. United States*, 25 F.3d 98 (2nd Cir. 1994); *see also Bakowski v. Kurimai*, 2000 WL 56230 at *3 (D.Conn. Mar. 20, 2000)(assisant United States attorneys are not law enforcement officers fore purposes of the FTCA.)

Plaintiff is attempting to assert a civil rights claim for malicious prosecution. Complaint ¶ 1. However, he does not identify a federal statute nor does he refer to the Constitution. Complaint. Thus, he has not identified a statute waiving the sovereign immunity of the United States. See *McMillan v. Department of Interior, et al*. 907 F. Supp. 322, 326 (D.Nevada 1995)(despite failure to identify statute waiving sovereign immunity, court liberally construes pro se complaint). Nevertheless, because he identifies his cause of action as malicious prosecution and, given his *pro se* status, defendant construes his claim as a common law action for malicious prosecution. Id. Plaintiff cannot maintain his claim for malicious prosecution against the United States under the Federal Tort Claims Act, because in this instance, malicious prosecution is excluded from the Act. The United States has not waived sovereign immunity to allow plaintiff to recover on his claim for malicious prosecution against an assistant United States attorney.

**PLAINTIFF'S CLAIM SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH THE PROCEDURAL PREREQUISITES OF THE FEDERAL TORT CLAIMS ACT.**

The statute of limitations for the Federal Tort Claims Act is found at 28 U.S.C. § 2401(b) which provides:

> a tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues ...

3

Plaintiff claim for malicious prosecution accrued on the date that the allegedly malicious suit terminated in favor of the plaintiff.  *Shulman v. Miskell*, 626 F.2d 173, 174-5 (D.C. Cir. 1980). Plaintiff alleges that he was found innocent of theft by the D.C. Superior Court on February 6, 2004.  Complaint, ¶ 8.  Despite the fact that plaintiff's claim arose on February 6, 2004, he did not file an administrative claim within two years of the date of the incident.  Thus, his claim, if any, would be barred by the two-year statute of limitations.

CONCLUSION

This case should be dismissed because the United States has not waived sovereign immunity for the alleged tort claim.  Thus "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Respectfully submitted,

    /s/
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

    /s/
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

    /s/
CHARLOTTE A. ABEL, D.C. Bar #388582
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-2332

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REV. EARNEST LEE HOBLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Civil Action No. 07-253 (JDB) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

Upon consideration of Defendant's Motion to Dismiss, and the entire record of this case, it is hereby

ORDERED that Defendant's Motion to Dismiss is GRANTED, and it is

FURTHER ORDERED that this case is dismissed with prejudice.

Dated this ____ day of _____, 2007.


_____
JOHN D. BATES
United States District Judge

Copies

**Attorney for Defendant**
Charlotte A. Abel
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W., Room 10-106
Washington, D.C. 20530

**Plaintiff**
Rev. Earnest Lee Hobley
413 Longfellow Street, N.W.
Washington, D.C. 20011