## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **REV. EARNEST LEE HOBLEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 07-253 (JDB)** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant,** | ) | |
| | ) | |
| | ) | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

COMES NOW Reverend Earnest Lee Hobley, Plaintiff pro se, in the above captioned

matter and in support of this Motion states as follows:

1. On October 6, 2006, in the case concerning (No. F 03446 03 A) United States v.
   Earnest L. Hobley, Wachovia Bank vice president Cynthia Parks and Wachovia
   Bank attorney Grady C. Frank, Jr. confirmed that their bank records indicate that
   monies for which Rev. Hobley was falsely prosecuted were never missing from
   the bank.

2. The Plaintiff can prove a set of facts in support of his claim, which would entitle
   him to relief.

### STATEMENT OF THE CASE

"The government alleged that on February 7, 2003, Mr. Hobley, who was an

employee of the Kentucky Fried Chicken store located at 1944 Bladensburg Road, N.E.

left work at 9:00 p.m. with the cash bank deposit for the day. Mr. Hobley was supposed

to take the money to the bank. The government alleged that Mr. Hobley never returned

RECEIVED

MAY 24 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

to work after February 7, 2003, and that the deposit was never made. The government's theory is that Mr. Hobley kept the money."

## STATEMENT OF THE FACTS

1.  On October 6, 2006, Wachovia Bank vice president Cynthia Parks verified with Rev. Hobley that the bank had in fact received the deposit for which Rev. Hobley was responsible to make.

2.  Wachovia Bank Vice President Cynthia Parks stated that the bank never told the government that the bank deposit was missing.

3.  Wachovia Bank vice President Cynthia Parks and Wachovia Bank attorney Grady C. Frank, Jr. confirmed with Rev. Hobley that the bank records indicated that no money was ever missing.

4.  The Plaintiff, Rev. Earnest Lee Hobley was tried for a crime that never occurred, based upon false prosecution.

## SUMMARY ARGUMENT

The Defendant requests this Honorable Court to ignore the fact that the Plaintiff's case is for false prosecution and not for malicious prosecution. The Defendant requests this Honorable court to ignore the fact that the argument put forward in the Defendant's Motion to dismiss did not address the nature of the Plaintiff's false prosecution claim. The Defendant request this Honorable Court to ignore the fact that the argument put forward in the Defendant's Motion to Dismiss is designed to misconstrue and deceive this Honorable Court is so clear and obvious that a child or a fool can understand its' deceitfulness.

## ARGUMENT

**1.  THE DEFENDANT ATTEMPTS TO CONFUSE THIS HONORABLE COURT CONCERNING THE TRUE NATURE OF THE PLAINTIFF'S FALSE PROSECUTION CLAIM.**

On January 31, 2007, the Plaintiff filed a Civil Rights Act claim against the United States against false prosecution.  In the Defendant's Motion to Dismiss, the Defendant attempts to mislead this Honorable Court by falsely claiming that the Plaintiff's claim against the United States is for malicious prosecution.  This statement is false.  The Defendant deliberately attempts to mislead this Honorable Court by falsely claiming that the Plaintiff's claim is for malicious prosecution.  The Defendant is making this false claim of malicious prosecution in order to escape the clear evidence that the government tried the Plaintiff for a crime that never occurred. The Defendant never addressed the Plaintiff's claim for false prosecution.  False prosecution is not equal to malicious prosecution.  The relationship between false prosecution and malicious prosecution is akin to comparing apples, not with oranges, but comparing apples with polar bears.  The facts and circumstances could not possibly be analogous.  Therefore the Defendant is guilty of false prosecution.

The Defendant falsely claimed that "the Plaintiff is attempting to assert a Civil Rights claim for malicious prosecution."  This is simply a rush by the Defendant in order to cover up the Defendant's unconstitutional and unlawful act of falsely prosecuting the Plaintiff for a crime that never occurred and to avoid answering the Plaintiff's claim for false prosecution.

3

The Defendant knows that the Plaintiff's claim is not for malicious prosecution. The Defendant knows that the Plaintiff's claim is for false prosecution. The Defendant knows that the Plaintiff's false prosecution claim rests on the facts that were provided to the Plaintiff by Wachovia Bank vice president Cynthia Parks and Wachovia Bank attorney Grady C. Frank, Jr. confirmed with the Plaintiff that the bank records indicated that the money was never missing. The Defendant knows that the Plaintiff's false prosecution claim rests on the fact that no money was missing and that the Plaintiff was tried for a crime that never occurred. The Defendant knew, or should have known, and must have known that there was no missing deposit.

Because the answer put forward in the Defendant's Motion to Dismiss claiming that the "Plaintiff is attempting to assert a Civil Rights claim for malicious prosecution" is false, the Defendant's motion rings hollow. It is more art than a science. This argument is impotent due to the Defendants intentionally misconstruing the nature of the Plaintiff's claim. **The Plaintiff is very clearly claiming false prosecution. The Defendant deliberately misconstrues the nature of the Plaintiff's complaint by falsely claiming in their response that the Plaintiff's claim is for malicious prosecution.** Therefore, the Defendant has not presented any legal base for this Honorable Court to dismiss the Plaintiff's false prosecution claim.

In deciding a motion to dismiss under Rule 12(b)(6), facts alleged in the complaint must be presumed true and liberally construed in favor of the plaintiff. See, e.g. Shear v. NRA, 606 F.2d 1251, 1253 (D.C. Cir. 1979). In addition, federal courts are to liberally construe the "inartful pleading" of *pro se* litigants, such as the

4

plaintiff in this case. Boag v. MacDougall, 454 U.S. 364, 365 (1982).

2.  **THE DEFENDANT ATTEMPTS TO DECEIVE THIS HONORABLE COURT CONCERNING THE NATURE OF THE PLAINTIFF'S FALSE PROSECUTION CLAIM.**

    The Defendant has not presented any legal grounds in which to request this Honorable Court to grant this Motion to Dismiss. The Defendant attempts to deceive this Honorable Court by falsely claiming that the "Plaintiff is attempting to assert a Civil Rights claim for malicious prosecution. This deliberate and inept attempt to deceive this Honorable Court is for the sole purpose of evading the real reason for the Plaintiff's court suit...the Defendant is guilty of false prosecution.

    The argument put forward in the Defendant's Motion to Dismiss rings hollow. It is a transparent attempt to deceive this Honorable Court by citing irrelevant and nonsensical reference. Much ado about nothing!!! Senseless chatter!!! The Defendant did not cite any cases in their motion to dismiss that set precedent to support the dismissal of the Plaintiff's claim of false prosecution. The cases cited in the Defendant's Motion to Dismiss weakly supports the dismissal of a malicious prosecution claim.

    Because the Defendant deliberately attempts to deceive this Honorable Court by falsely claiming that the "Plaintiff is attempting to assert a civil Rights claim for malicious prosecution, the cases cited by the Defendant in their Motion to Dismiss have nothing to do with the Plaintiff's false prosecution claim. The

5

argument put forward in the Defendant's Motion to Dismiss does not apply in this instant matter concerning the Plaintiff's false prosecution claim.

The Defendant deliberately falsely construes the Plaintiff's false prosecution claim as a common law action for malicious prosecution in order to make this deceitful statement. The Defendant alleged that "The Plaintiff cannot maintain his claim for malicious prosecution against the United States under the Federal Tort Claim Act, because in this instance, malicious prosecution is excluded from the Act."

The deceitfulness in the Defendant's Motion to Dismiss is so obvious that even a child or a fool could understand that the Defendant is being deceitful to this Honorable Court!!! A trial court considering a defendant's motion for summary judgment must view the pleadings, discovery materials, and affidavits or other materials in the light most favorable to the plaintiff and may grant the motion only if a reasonable jury could not find for the plaintiff as a matter of law. Grant, 786A.2d at 583 (citing Nader v. De Toledano, 408 A.2d31,42 (D.C. 1979);Bailey v. District of Columbia, 668 A2d812,816(D.C.1995). The Defendant, in referring to the Plaintiff's claim did not attempt to make an analogy when referring to the nature of the Plaintiff's false prosecution claim. The Defendant simply deliberately misconstrued the nature of the Plaintiff's claim in their response.

### 3.  THE PLAINTIFF'S CLAIM IS A CASE OF FIRST IMPRESSION

The Plaintiff's claim is a case of first impression.  This claim of false prosecution

presents a legal issue that has never been addressed or adjudicated by neither the

U.S. District Court, Court of Appeals, nor the U.S. Supreme Court nor any particular

jurisdiction.  The Courts have never addressed any cases where the Plaintiff was tried

for a crime that never occurred.  The Courts have previously made rulings

concerning civil lawsuits against the United States.  The Courts' previous rulings

were based upon the fact that there was probable cause for the government's actions.

The Courts have never made any ruling concerning any case where there was no

probable cause for the government's actions.  The Courts have never ruled that there

are laws relating to federal statute or the U.S. Constitution that would prohibit a U.S.

citizen from taking civil legal action in a Court of law against the U.S. government

for prosecuting the citizen for a crime which never occurred!

    This is a case of first impression.  There is no analogy between the issue

concerning false prosecution and any other issue that the courts have previously

addressed.  There are no cases that have set precedent in which the Defendant can

cite to support the Dismissal of the Plaintiff's false prosecution case.  There is no

Federal or Constitutional Rule of Law that can support the Defendant's

unconstitutional and unlawful action for prosecuting the Plaintiff for a crime that

never occurred.  The Defendants argument in its Motion to Dismiss has not presented

any legal basis for the dismissal for this case of first impression.  Therefore, this

Honorable Court should not stop the Plaintiff from exercising his Constitutional

Right concerning the 14th Amendment (Due Process).  The precise question raised by

this appeal is one of **first impression** in this state. It is helpful, therefore, to examine

the particular statute in effect its language as its legislative development. <u>See</u>

<u>Penfield v. Jarvis, 175 Conn. 463,466,399 A.2d 1280 (1978).</u>

4.  **THE PLAINTIFF HAS PROVED A SET OF FACTS IN SUPPORT OF**
    **HIS CLLAIM THAT WOULD ENTITLE HIM TO RELIEF.**

On October 6, 2006, Wachovia Bank vice president Cynthia Parks verified with

Rev. Hobley that the Bank had in fact received the Bank deposit that the

government claimed that Rev. Hobley had failed to make. Wachovia Bank Vice

President Cynthia Parks stated that the bank never told the government that the

bank did not receive the deposit that Rev. Hobley was responsible to make.

According to Wachovia Bank Vice President Cynthia Parks and Wachovia

attorney Grady C. Frank, Jr's confirmation, the bank records indicate that the

money in question was never missing. The theft of the deposit for which Rev.

Hobley was tried on February 5, 2004 never even occurred!!! **In other words,**

**Rev. Hobley was tried for a "crime" that Wachovia Bank records do prove**

**never even occurred!!!** This fact alone proves that no crime ever occurred and

the Defendant knew that.

  In considering a motion to dismiss, the Court accepts as true Plaintiff's factual

allegations set forth in the complaint. <u>Summit Health Ltd. V. Pinhas, 500 U.S.</u>

<u>322, 325, 114 L. Ed.2d 366, 111 S. Ct. 1842 (1991);Kowal v. MCI</u>

<u>Telecommunications Corp., 16F.3d 1271, 1276, 305 U.S. App D.C. 60 (D.C.</u>

<u>Cir. 1994); Telecommunications of Key West, Inc. v. United States, 244 U.S.</u>

App D.C. 335,757F.2d 1330, 1334 (D.C. Cir. 1985). It may dismiss the

complaint for failure to state a claim only if it appears that the plaintiff can prove

no set of facts in support of their claim that would entitle them to relief.    Kowal

v. MCI Telecommunication Corp., 16F.3d at 1276.    Moreover, in this instant

matter, the Plaintiff requests that this Honorable Court should apply the same

rule of law that applies to a motion for summary judgment.    To prevail on a

motion for summary judgment, the moving party must demonstrate, based upon

the pleadings, discovery, and any affidavits or other materials submitted, that

there is no genuine issue as to any material fact in dispute and that the movant is

therefore entitled to judgment as a matter of law.    Grant v. May Department

Stores Co., 786A2d580,583(D.C. 2001); Super. CT. Civ. R.56(c).

5.    **THE DEFENDANT'S WRONGFUL AND UNCONSTITUTIONAL ACT**
      **OF FALSE PROSECUTION IS NOT SUBJECT TO SOVEREIGN**
      **IMMUNITY.**

The United States consented to being sued when the nature of the claim and the

circumstances of the suit are such as all within the previsions of the Public Vessels

Act, the Federal Tort Claims Act, and numerous private acts.    The federal

government may be liable for damages cause by negligent or wrongful act of a

government employee.    The wrongful and unconstitutional conduct by federal

employees affecting government immunity from suit in the federal courts.    (Supreme

Court cases. 12 L Ed 2b 1095.)    Immunity for suits is given up when the language of

the organic statute specifically waives it.    There is no sovereign immunity for the

Defendant's wrongful and unconstitutional act of falsely prosecuting the plaintiff for

crime that never occurred. The Federal Tort Claims Act serves to waive the

sovereign immunity of the United States for certain tort claims. 28 U.S.C.A. § 2671

et. seq; McMillan v. Department of Interior, et al. 907 F.Supp. 322, 327 (D.Nevada

1995).

## CONCLUSION

The false, deceitful, and misleading argument that the Defendant put forward in its

Motion to Dismiss does not apply to the Plaintiff's false prosecution claim.


                                    Respectfully Submitted



                                    Rev. Earnest Lee Hobley
                                    413 Longfellow Street, N.W.
                                    Washington, DC.20011
                                    (202) 321-0068

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

REV. EARNEST LEE HOBLEY,      )
                                   )
            Plaintiff,         )
                                   )
             v.             )        Civil Action No. 07-253 (JDB)
                                   )
UNITED STATES OF AMERICA,    )
                                   )
            Defendant,     )
                                   )
_____ )

## <u>AFFIDAVIT</u>

I, Rev. Earnest L. Hobley do hereby declare that statements made in the foregoing

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** and all

associated documents submitted are true to the best of my knowledge and belief.

*Rev. Ea. Lee Hobley*
Rev. Earnest Lee Hobley
413 Longfellow Street, N.W.
Washington, DC 20011

LISBETH AVALOS
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES: 03/31/2008

## EXHIBITS

1. DC Department of Employment Services

2. DC Superior Court –Counter details

3. Wachovia Bank- Vice President's Acknowledgement

# EXHIBIT 1

APPENDIX II

## DISTRICT OF COLUMBIA
## DEPARTMENT OF EMPLOYMENT SERVICES
## OFFICE OF UNEMPLOYMENT COMPENSATION
## CENTRAL ADJUDICATION
## 609 H STREET, N.E., ROOM 304
## WASHINGTON, D.C. 20002

## DETERMINATION BY CLAIMS EXAMINER

Date: _4/11/03_

| 439 | 02 | 2344 |
|-----|-----|-----|

Social Security Number

EMPLOYER:                                    CLAIMANT:
_KFC USA_                                    _Earnest Hobley_
_POB 779_                                    _413 Longfellow St NW_
_Lynnfield, Ma. 01940_                       _WDC      20011_

FINDINGS OF FACT:  You are hereby notified of the following determination

[ ]   Voluntarily left most recent work with good cause connected with the work.

[ ]   Not Discharged for Misconduct.

REASON FOR DETERMINATION:
_The separation information was insufficient_
_to support a finding of misconduct._

_____   Good cause connected with Voluntarily Leaving has been established.

/   Misconduct has not been established.

DECISION:
Therefore, the claimant listed herein has been determined eligible for
unemployment benefits.  No disqualification has been imposed based on separation
from your employment in accordance with D.C. Code. Title 51-109.

_Bernadette Lee_

I certify that a copy of this document was mailed to the claimant/ employer named herein at the above
address on

_Bernadette Lee_                               _4/11/03_
Examiner's Signature /Number                    Date

(SEE REVERSE FOR APPLICABLE SECTION OF D.C. CODE AND APPEAL RIGHTS)

# EXHIBIT 2

Page: 1 Document Name: untitled

```
MCIS0304         SUPERIOR COURT OF THE DISTRICT OF COLUMBIA          04/13/04
C1HXM                   CRIMINAL INFORMATION SYSTEM
                             COUNT DETAILS
    CASE NO: F 03446 03  A                           CASE AGE:  161
              UNITED STATES  VS  EARNEST L. HOBLEY
    PDID: 0551139 DOB: 12 26 56 JUDGE: MITCHELL-RANKIN, ZINORA M      CAL:
    CHARGE:  U846 THEFT 1ST DEGREE              CCR NO: 0026989 NOI NO:
    POLICE BADGE NO: M 3267        PLEA: NOT GUILTY            CITATION: L
    OFFENSE DATE   : 04 01 03  JUDGMENT: NOT GUILTY                 JTWD:
    FILE DATE      : 06 13 03  JDGMT DT:  02 06 04          TRIAL TYPE: C
    ALT ST HRG DATE:                      SENTENCE:
                                          COMMENT:                 CONCUR:
    CONTD DATE:            TIME: 1100        CONFINEMENT PERIOD  :      /
    CONTD FOR:                   BY:       FINE AMOUNT          :
    CONT RSN:                                 OR CONFINEMENT    :      /
    SC GRAND JURY:                       CONFINEMENT SUSPENDED:       /
    SC GRAND JURY DATE:                     ALT TIME SUSPENDED:
    DISPOSITION DATE   : 02 06 04             FINE SUSPENDED:
    OTHER DISPOSITION:                     PROBATION PERIOD:        TYPE:
    LAST UPDT DATE: 02 06 04  BY: C1CMP         VVCA AMT:
                              NEXT COUNT:
    NEXT:                     CASE:              KEY:

    PF10 ==> RETURN TO CASE SUMMARY
```

# EXHIBIT 3

Rev. Earnest L. Hobley
6410 Lee Place
Capitol Heights, MD  20743-6326
(202) 321-0068

Cynthia Parks
Assistant Vice President
Wachovia Bank
101 Independence Mall East
Philadelphia, Pennsylvania 19106
(267) 321-3048

Dear Ms. Parks:

This is a follow-up correspondence in reference to our two (2) telephone
conversations on Friday, October 6, 2006.

Our first conversation occurred at approximately 100:00 a.m. when you called
requesting the reason for the lawsuit I initiated against Wachovia Bank.  I pointed out
the reason for my legal actions.  First of all, your clients KFC brought criminal
charges against me, based upon information KFC reported that your bank provided  to
them.   KFC reported to the DC Metropolitan Police Department that KFC restaurant
general manager, Mr. Olu Adepegba checked with the bank  several times within a
couple of weeks time span to see if the money had been deposited and Mr. Adepegba
reported to the DC Metropolitan Police that your bank said it **had not** been received.

You requested that I provide you with the information necessary to investigate this
matter.  I provided you with the date, amount and the bag number of the money
deposited.  You told me you would call me back, after you had investigated this matter.
At approximately 3:35 p.m. on Friday, October 6, 2006, I received your return call
verifying that the deposit I made in the amount of $2,075.12 on February 6, 2003 had in
fact been received by the bank.

I am requesting that you send to me, in writing, the findings of your investigation.

Time is of the essence.

If there are further questions, I can be contacted at the address and telephone number

indicated.

Sincerely,

Rev. Earnest L. Hobley
6410 Lee Place
Capital Heights, MD 20743-6326
(202) 321-0068

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Cynthia Parks
Assistant Vice President
Wachovia Bank
101 Independence Mall East
Philadelphia, Pennsylvania 19106

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X NLEG                 ☐ Agent
                       ☐ Addressee

B. Received by ( Printed Name)      C. Date of Delivery

NLEG                                10 12

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☑ Certified Mail    ☑ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)            ☐ Yes

2. Article Number
   (Transfer from service      EQ541387512US

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| REV. EARNEST LEE HOBLEY, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-253 (JDB) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Defendant,** | ) | |
| | ) | |
| _____ | ) | |

## ORDER

Upon consideration of Defendant's Motion to Dismiss, and the entire record of this

case, it is hereby

ORDERED that Defendant's Motion to Dismiss is DENIED, and it is

FURTHER ORDERED that the Plaintiff's request is granted.

Dated this ___day of _____2007

 

 

_____
John D. Bates
United States District Judge

Copies

**Plaintiff**
Rev. Earnest Lee Hobley
413 Longfellow Street, N.W.
Washington, DC 20011

**Attorney For Defendant**
Charlotte A. Abel
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W., Room 10-106
Washington, DC 20530

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S**

**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** was mailed on May

_____, 2007 to the following:

Charlotte A. Abel, D.C. Bar #388582
Assistant United States Attorney
Judiciary Center Building, 10th floor
555 4th Street, N.W.
Washington, DC 20530

Rev. Earnest L. Hobley
413 Longfellow Street, N. W.
Washington, DC 20011
(202) 321-0068