UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REV. EARNEST LEE HOBLEY )<br>)<br>Plaintiff )<br>v. )<br>)<br>UNITED STATES OF AMERICA )<br>)<br>Defendant ) | Case No. <u>07-253 (JDB)</u> |

## PLAINTIFFS AMENDED RESPONSE TO DEFENDANT'S MOTION TO DISMISS

### RESPONSE TO DEFENDANT'S CLAIM OF SOVEREIGN IMMUNITY

Underlying the **qualified immunity** of federal officials for actions taken in **good faith** is the fear the a exposure of personal liability would otherwise deter them from acting at all. *Carlson v Green,* 446 US 14, 100, Sct 1468, 64 LE 2d 15, (1980)

A court may also be impelled to consider carefully whether the type of injury sustained by the plaintiff is normally compensable in damages and whether the courts are qualified to handle the types of questions raised by the plaintiff's claim. Once the court determines that a plaintiff is entitled to a remedy in damages for a constitutional violation, the court must then consider how the plaintiff's right to compensation can be reconciled with the need to protect the decision making processes of an executive department. *Butz v Economou,* 438 US 478, 98 Sct 2894, 57 LE2d 895 (!978)

Defendant's claim of an absolute immunity is absolute nonsense, inaccurate and an a transparent attempt to promote a legal fiction. The phrase "qualified immunity"

RECEIVED

MAY 2 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

would not even be in the judicial lexicon if there was an inviolable "absolute" immunity provision.

Defendant's have not and cannot address the "good faith" requirement. With ample evidence of false statements by the original complainant and the readily available evidence that there was no missing bank deposit - - facts that the defendant could have known and should have known - - "good faith arrest" and prosecution cannot be supported.

Defendant has not and cannot show how plaintiff's complaint would in any manner negatively affect their "decision making process". This obligation could not have been innocently "overlooked". Again "good faith" is deliberately ignored.

Consequently, there is no showing, and cannot be a showing by the defendant of absolute immunity. Therefore, their Motion should not be upheld.

The court historically has conferred **absolute immunity** on officials who violate the constitutional rights of citizens **only** in extraordianary circumstances. Qualified immunity (that is immunity for acts that an official did not know or could not have known, violated only established constitutional law **" represents the norm"** Harlow v. Fitzgerald, 457 U.S. 800, 807 (1882) Butz v. Economou 438 U.S. 478 (1978)

In Butz, the court acknowledges that the government may receive absolute immunity in the exercise of certain functions, but **emphasized** that the burden is on the official to demonstrate that an **"exceptional situation exists"** in which "absolute immunity is essential for the conduct of public business". The official seeking immunity "first must show that the responsibilities of his office embraced a function so sensitive a

2

s to require a total shield from liability" and "then must demonstrate that he was discharging the protected function when performing the act for which liability is asserted" Id, at 813. (al emphasis aded)

Refusal to entertain plaintiff's action has the same effect as a grant of unqualified immunity. The Court should find that "special factors" sufficient to preclude plaintiff's action, only when an immunity decision absolutely foreclose a money judgement. As to "special factors", defendant does not deny the illegal action asserted herein, and, the court record verify plaintiff's assertion.

### PLAINTIFF'S RESPONSE TO DEFENDANT'S STANDARD FOR MOTION TO DISMISS

Plaintiff incorporates all of the preceding response under heading entitled <u>Plaintiff's Response to Defendant's Claim of Sovereign Immunity</u> as though fully stated herein.

Defendant's reference to plaintiff's pleadings as "inartful" are simply a desperate attempt to inveigle the court into making light of plaintiff's pro se status. Pro se or otherwise, the facts do not change. If "artful" means an attempt to persuade by being clever or crafty, then by definition "inartful" must be construed as **NOT** being clever or crafty.

Is plaintiff to be penalized for being "inartful"? Nevertheless, if plaintiff's pleadings are "inartful" as claimed by defendant, it is to be noted that the learned opposition found it necessary to provide the court with twenty (20) different citations to support their defense against the"inartful" pleadings of a pro se litigant.

The plaintiff can fully provide proof of facts that support his claim. The crime of failure to make a bank deposit was never committed. Defendant is fully aware of this, and does not deny it. The record as a whole, which must be considered, is absolute and further proof that the crime with which plaintiff was charged never occurred. Defendant knows this to be true. Defendant's only offer a brazen, lame, disingenuous, unsupportable "inartful" misinterpretation of the constitution, by attempting to defend against the charge "malicious prosecution", a charge plaintiff never made, and again charging plaintiff with an action that never happened.

Plaintiff is not attempting to equate "false prosecution" with "malicious prosecution; " two entirely separate actions. Plaintiff has no interest in proving that defendant "maliciously" prosecuted him. It is clear, to all but that the defendant knew, could have known and should have known, that since no crime had been committed, plaintiff should not face prosecution, "malicious" or otherwise.

Violation of the due process guaranteed under the 5th Amendment *Davis v Passman* 442 U.S. 228 (1979), and the

8TH Amendment Prescription against cruel and unusual punishment. *Carlson v Green* 446 U.S. 14 (1980) are other included and named statements in response to defendant's Motion to Dismiss.

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S AMENDED RESPONSE TO DEFENDANT'S MOTION TO DISMISS** was mailed on May 25, 2007 to the following:

Charlotte A. Abel, D.C. Bar #388582
Assistant United States Attorney
Judiciary Center Building, 10th floor
555 4th Street, N.W.
Washington, DC 20530

*[signature]*
Rev. Earnest L. Hobley
413 Longfellow Street, N. W.
Washington, DC 20011
(202) 321-0068