UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

REV. EARNEST LEE HOBLEY, pro se,

    Plaintiff,

        v.                      Civil Action No. 07-0253 (JDB)

UNITED STATES,

    Defendant.

**MEMORANDUM OPINION**

    Plaintiff Reverend Earnest Lee Hobley, appearing pro se, alleges "false prosecution" by defendant United States on a theft charge stemming from an incident at plaintiff's former place of employment. Defendant moves to dismiss the complaint for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted, on the grounds that the United States has not waived its sovereign immunity under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680 (2000), for plaintiff's claim of false prosecution, and that plaintiff has not exhausted his FTCA administrative remedy. The Court concludes that it lacks subject matter jurisdiction, and hence will grant defendant's motion to dismiss.

**BACKGROUND**

    Plaintiff's claim of "false prosecution" arises out of his trial and acquittal on a theft charge in the Superior Court of the District of Columbia. Compl. ¶¶ 9, 10. The factual allegations in support of this claim, construed in the light most favorable to plaintiff, are as follows. Plaintiff was employed by Kentucky Fried Chicken ("KFC") at a branch store in Washington, DC, in February 2003. Id. ¶ 4. On February 7, 2003, plaintiff was assigned the duty of depositing that day's cash receipts with Wachovia Bank. Id. ¶¶ 4, 9. Sometime thereafter, a KFC co-worker,

Olu Adepegba, contacted the DC Metropolitan Police Department accusing plaintiff of keeping the cash receipts from February 7, 2003, rather than depositing them at the bank. Id. ¶ 5. According to plaintiff, Mr. Adepegba then contacted the payroll department to notify it that plaintiff was still employed by KFC, even though, by then, plaintiff "[no] longer worked at KFC." Id. Plaintiff asserts that Mr. Adepegba instituted a "scam," in which Mr. Adepegba himself kept the daily cash receipts from the KFC store while depositing plaintiff's uncollected pay checks in KFC's bank account to avoid detection. Id.

KFC allegedly then conducted its own investigation and confirmed that Mr. Adepegba was "stealing money from KFC by fraudulently endorsing and depositing payroll checks in Rev. Hobley's name." Id. ¶ 6. Mr. Adepegba also "confessed to the government" that he was carrying on this fraudulent scheme. Id. ¶ 7. The government, through the United States Attorney's Office, nonetheless continued to pursue criminal proceedings in Superior Court through the filing of an information charging plaintiff with theft. Id. ¶¶ 3, 7.

The trial against plaintiff went forward on February 5, 2004. Id. ¶ 8. The government did not use Mr. Adepegba as a witness, and instead brought forward another KFC employee, Marcus Jackson; it then allowed Mr. Jackson to present false testimony in support of the government's case -- that is, testimony that Mr. Jackson, rather than Mr. Adepegba, informed police of plaintiff's alleged failure to make the missing deposits. Id. The government also allegedly presented evidence at trial "prov[ing] that the government knew that [plaintiff] was innocent of the alleged theft." Id. Plaintiff was acquitted on February 6, 2004. Id.

Plaintiff claims that Wachovia Bank Vice President Cynthia Parks confirmed subsequently on October 6, 2006 that Wachovia did, in fact, receive the February 7, 2003 deposit that plaintiff was accused of stealing. Id. ¶ 9. Plaintiff relies on this new information as proof

that "no crime was ever committed," thereby supporting his claim of "false prosecution" by the United States Attorney's Office. Id. ¶¶ 9, 10.

## STANDARD OF REVIEW

Under Rule 12(b)(1), the party seeking to invoke the jurisdiction of a federal court -- plaintiff here -- bears the burden of establishing that the court has jurisdiction. See US Ecology, Inc. v. U.S. Dep't of Interior, 231 F.3d 20, 24 (D.C. Cir. 2000); see also Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001) ("[A] Rule 12(b)(1) motion imposes on the court an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority."); Pitney Bowes, Inc. v. U.S. Postal Serv., 27 F. Supp. 2d 15, 19 (D.D.C. 1998). Although a court must accept as true all the factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1), Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993), "'plaintiff[s'] factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." Grand Lodge, 185 F. Supp. 2d at 13-14 (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (2d ed. 1990)).

At the stage of litigation when dismissal is sought, a plaintiff's complaint must be construed liberally, and the plaintiff should receive the benefit of all favorable inferences that can be drawn from the alleged facts. See EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997). Furthermore, a complaint drafted by a pro se plaintiff will be held to a "less stringent standard[]" than that for pleadings drafted by counsel. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Greenhill v. Spellings, 482 F.3d 569, 572 (D.C. Cir. 2007); Gray v. Poole, 275 F.3d 1113, 1115 (D.C. Cir. 2002).

## ANALYSIS

**I. Malicious Prosecution**

Defendant contends that plaintiff's claim of false prosecution by an Assistant United States Attorney must be dismissed for lack of subject matter jurisdiction because the United States has not waived its sovereign immunity for this type of malicious prosecution claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2680(h).  See Def.'s Mot. to Dismiss at 2-3. Plaintiff responds that the cause of action for "false prosecution" is separate and distinct from "malicious prosecution," and thus the FTCA provision limiting suits for "malicious prosecution" does not apply to him.  See Pl.'s Opp'n at 2-8.

Notwithstanding plaintiff's emphatic insistence that he genuinely intended to bring a claim solely for "false prosecution," it is readily apparent that plaintiff's claim is substantively the same as that for malicious prosecution because it is premised on elements that lie at the core of malicious prosecution -- the absence of probable cause for the criminal proceedings against him and a malicious intent on the part of the government.  Compare Moore v. United States, 213 F.3d 705, 710 (D.C. Cir. 2000) (describing "absence of probable cause" and "malicious intent" as elements of malicious prosecution) with Compl. ¶ 8 (alleging that "the government knew that [plaintiff] was innocent of the alleged theft" and that "DC Superior Court found [plaintiff] innocent") and Pl.'s Opp'n at 7 (arguing that "there was no probable cause for the government's actions").  Plaintiff's use of a slightly different label for his cause of action does not exempt his complaint from the limitations on the waiver of sovereign immunity set forth in the FTCA.  See Kugel v. United States, 947 F.2d 1504, 1506-07 (D.C. Cir. 1991) ("[A] litigant may not substitute the name of a cause of action not included in [the FTCA] for one that is included where the alleged breach of duties in the two claims is identical.").  Indeed, the case law has

widely recognized that the causes of actions for "false prosecution" and "malicious prosecution" are indistinguishable.  See, e.g., Keenan v. Tejada, 290 F.3d 252, 257 (5th Cir. 2002) (finding that an "allegedly false prosecution" must satisfy the standards of malicious prosecution); LaFrenier v. Kinirey, 478 F. Supp. 2d 126, 140-41 (D. Mass. 2007) (treating a claim of false prosecution as one of malicious prosecution); Wintermantel-Baptista v. Hanohano, No. 05-00485, 2006 WL 3078922, at *11 n.9 (D. Haw. Oct. 25, 2006) (finding that there is "nothing to indicate that there are separate claims for relief based on 'false prosecution' and 'malicious prosecution'"); Brown v. City of New York, 306 F. Supp. 2d 473, 480 (S.D.N.Y. 2004) (using "false prosecution" and "malicious prosecution" interchangeably); Garbutt v. Fairbanks Capital Corp., No. Civ. A. 03-1666, 2004 WL 1922034, at *3 (E.D. La. Aug. 27, 2004) (interpreting a claim of "false prosecution" to be one of malicious prosecution).

Section 2680(h) of the FTCA excludes "malicious prosecution" from its waiver of sovereign immunity.  28 U.S.C. § 2680(h).  An exception is made for "acts or omissions of investigative or law enforcement officers," defined as "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law."  Id.  However, federal prosecutors, including assistant United States attorneys, are generally not considered "investigative or law enforcement officers."  See Moore 213 F.3d at 710; Bernard v. United States, 25 F.3d 98, 104 (2d Cir. 1994); Davis v. United States, No. 03 Civ. 1800, 2004 WL 324880, at *6 (S.D.N.Y. Feb. 19, 2004); Bakowski v. Kurimai, No. 3:98CV2287, 2000 WL 565230, at *3 (D. Conn. Mar. 20, 2000).[1]

---

[1] A federal prosecutor's participation in "investigative or law enforcement" actions -- that is, the searches and seizures referenced in section 2680(h) -- may render him an "investigative or law enforcement officer" under section 2680(h).  See Gray v. Bell, 712 F.2d 490, 515 (D.C. Cir. 1983).  Plaintiff's complaint does not allege such conduct by the prosecutor in his case.  However, even if found to be acting as investigative or law enforcement officers, federal prosecutors exercising the discretion inherent in the prosecutorial function will be immune from suit under the discretionary function exception.  See id. at 513-16.

Construing the complaint in the light most favorable to plaintiff, the Court concludes that plaintiff's claim is based on the actions of the United States Attorney's Office in allegedly wrongfully prosecuting plaintiff in Superior Court, with actual knowledge that plaintiff was innocent and without any evidence indicating he was guilty of theft. He alleges that when the government found out that its main witness, Mr. Adepegba, was "a liar and a thief," it nonetheless "filed an information charging Rev. Hobley with theft II." Compl. ¶ 7. Plaintiff further alleges that the government did "not bring forward KFC's only accuser [or] . . . the eyewitness who the government claims saw Rev. Hobley leave the store with KFC's funds," and instead allowed another KFC employee to lie under oath about the incident, indicating that "the government knew that Rev. [Hobley] was innocent of the alleged theft." Id. ¶ 8. Evidence produced by Wachovia Bank in 2006 allegedly further establishes that plaintiff was innocent of the alleged theft and that the prosecution in Superior Court had no evidentiary basis. Id. ¶ 9.

These allegations amount to a claim for malicious prosecution, even if labeled false prosecution by plaintiff. As stated above, the absence of probable cause for the prosecution's case in Superior Court and the prosecutor's alleged malicious intent is the essence of a claim of malicious prosecution. See Moore, 213 F.3d at 710. The FTCA does not waive sovereign immunity for such claims, and therefore plaintiff's claim will be dismissed for lack of subject matter jurisdiction.

**II. Failure to Exhaust Administrative Remedies**

Plaintiff's complaint suffers from another jurisdictional defect -- failure to exhaust administrative remedies. As defendant notes, a plaintiff may only bring suit under the FTCA after he has exhausted all administrative remedies and there has been a final disposition of the administrative claim by the relevant federal agency. McNeil v. United States, 508 U.S. 106, 113

(1993); see also 28 U.S.C. § 2675(a).  This exhaustion requirement is mandatory and jurisdictional, GAF Corp. v. United States, 818 F.2d 901, 904 (D.C. Cir. 1987), and is fulfilled by submitting a written claim to the appropriate agency within two years after the claim accrues.  See 28 U.S.C. § 2401(b) (2000); § 2675(a); see also GAF Corp., 818 F.2d at 905; Edmonds v. United States, 436 F. Supp. 2d 28, 33 (D.D.C. 2006).

A plaintiff's claim for malicious or false prosecution accrues on the date the adverse action is terminated.  Shulman v. Miskell, 626 F.2d 173, 176 (D.C. Cir. 1980); see also Wiggins v. State Farm Fire and Cas. Co., 153 F. Supp. 2d 16, 20 (D.D.C. 2001).  In this case, plaintiff's claim accrued on February 6, 2004 when he was acquitted of the charge of first-degree theft.  See Compl. ¶ 8.  Plaintiff does not challenge defendant's assertion that he did not file a claim with the proper administrative agency within two years after February 6, 2004, nor does the record contain any indication that an administrative claim was filed.  See generally Pl.'s Opp'n and Pl.'s Am. Resp.  Thus, even assuming arguendo that the FTCA waives sovereign immunity for plaintiff's claim of false prosecution, the Court nonetheless lacks subject matter jurisdiction over the matter.[2]

---

[2] The Court notes that plaintiff has pursued fourteen separate suits against his former employer, KFC, for claims of, among other things, false arrest, malicious prosecution, and a "frame-up" based on the same set of facts laid out here.  See Hobley v. KFC U.S. Properties, Inc., No. 07-0195, 2007 WL 396922, at *1 (D.D.C. Feb. 1, 2007).  Judge Collyer has cautioned plaintiff against "filing duplicative complaints and motions" amounting to harassment and violating principles of res judicata.  Hobley v. KFC U.S. Properties, Inc., Nos. 05-0521, 05-0522, 05-0523, 05-0608, 05-1003, 05-1551, 05-1552, 05-1574, 05-1707, 05-1708, 05-2190, 2006 WL 249981, at *8 (D.D.C. Jan. 31, 2006).  Although plaintiff now brings suit against a new defendant, his claim here arises out of the same nucleus of facts as his previous cases against KFC.  Hence, this Court also cautions plaintiff against abuse of the judicial process through the filing of duplicative complaints.

## CONCLUSION

For the foregoing reasons, the Court will grant defendant's motion to dismiss. A separate Order accompanies this Memorandum Opinion.

/s/
JOHN D. BATES
United States District Judge

Dated:  June 25, 2007